IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02681-BNB

JOHN KILMAN,

    Plaintiff,

v.

WELLS FARGO,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 28 2011

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

    Plaintiff, John Kilman, acting *pro se*, initiated this action by filing a civil complaint. In the Complaint, he alleges that Wells Fargo representatives made harassing telephone calls to him to collect money they claim he owes to Wells Fargo. In particular, Mr. Kilman contends that the representatives demanded that he pay a $129.35 balance he owes on an account that he held with the Bank and closed in 2006. Mr Kilman seeks $4,527.25 plus interest in damages.

    The Court must construe the Complaint liberally because Mr. Kilman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court can not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject matter jurisdiction may be raised sua sponte by a court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

Mr Kilman does not cite 28 U.S.C. § 1332 as the statutory basis for the Court's subject matter jurisdiction, but he specifically invokes "diversity jurisdiction" on Page Two of the Complaint. *See* Doc. No. 1. Therefore, the Court will consider whether subject matter jurisdiction is appropriate under § 1332. In relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000 . . . ."

The Court finds that on its face the Complaint does not satisfy the amount-in-controversy requirement for diversity jurisdiction. The United States Supreme Court has held that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *State Farm Mut. Auto. Ins. Co. v. Narvaez, 149 F.3d 1269* (10th Cir. 1998) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (footnote omitted)). In other words, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289.

Here, without doubt, Mr. Kilman's claim for damages is less than the required amount in controversy. This action, therefore, will be dismissed for lack of subject matter jurisdiction. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this __28th__ day of ____October____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02681-BNB

John Kilman
615 Water St #410
Golden, CO 80401

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on October 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk